# IN THE UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| Angelo L. King, | Case Number 17-27468-beh |
|     Debtor. | |

| | |
|---|---|
| Angelo L. King, | |
|     Plaintiff, | |
| v. | Adversary Case Number 17-02339-beh |
| Ditech Financial LLC, | |
|     Defendant. | |

## STIPULATION RESOLVING ADVERSARY PROCEEDING

The plaintiff, by his attorneys, Strouse Law Offices, and the defendant, Ditech Financial LLC, by its attorneys, Gray & Associates, L.L.P., stipulate and agree as follows:

1. That the defendant shall hold a secured claim in the amount of $36,000.00 which shall be paid together with interest at the fixed rate of 5.0% during the term of the plaintiff's chapter 13 case.

**Drafted by:**

Christopher C. Drout
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151
Phone: 414.224.8404
Fax:    414.224-1279
Email: cdrout@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it obtains will be used for that purpose. If you previously received a discharge in a chapter 7 bankruptcy case, this should not be construed as an attempt to hold you personally liable for the debt.

2. The defendant may file a non-priority general unsecured claim for the debt which is not secured. This unsecured claim shall be paid on a *pro rata* basis with the other timely-filed unsecured claims in the plaintiff's chapter 13 case.

3. That in addition to the secured amount listed in the previous paragraph; upon the entry of an order approving this stipulation, the defendant may file a secured supplemental proof of claim for post-petition escrow advances totaling $1,975.44 to be paid through the Chapter 13 plan. The post-petition escrow advances are broken down as follows:

> Hazard Force Placed Monthly Premium $108.84 disbursed 8/7/17
> Hazard Force Placed Monthly Premium $108.84 disbursed 9/5/17
> Hazard Force Placed Monthly Premium $108.84 disbursed 10/5/17
> Hazard Force Placed Monthly Premium $108.84 disbursed 11/3/17
> Hazard Force Placed Monthly Premium $108.84 disbursed 11/25/17
> City Town Tax $1,322.40 disbursed on 12/20/17
> Hazard Force Placed Monthly Premium $108.84 disbursed 1/3/18
> **Total Post-Petition Disbursements:  $1,975.44**

4. The plaintiff shall file an amended plan by which provides for this treatment of the defendant's secured, supplemental and unsecured claims.

5. Upon the completion of all payments required by the chapter 13 plan, payments required by the terms of this stipulation and the receipt of a non-hardship discharge in this chapter 13 case, the defendant's mortgage upon the property located at 4101 W. Roosevelt Drive, Milwaukee, WI 53216-3041 ("the property") shall be deemed avoided and released and a document evidencing such release shall be provided by the defendant, which document may be recorded at the county register of deeds office. The property is further described as follows:

> Lot 1 in Block 3 in Boulevard View, in the Northwest ¼ of Section 12, Township 7 North, Range 21 East, in the City of Milwaukee, Milwaukee County, Wisconsin.

6. In the event the defendant does not release the mortgage in accordance with the terms of the preceding paragraph, then the plaintiff may cause a certified copy of the order approving this

stipulation to be recorded with the county register of deeds office. This recording shall constitute a complete and full release of the defendant's mortgage upon the property.

7. In the event the plaintiff's chapter 13 case is dismissed or converted prior to the completion of all payments required by the chapter 13 plan, payments required by the terms of this stipulation and the receipt of a non-hardship discharge in this chapter 13 case, any order entered in this adversary proceeding avoiding the defendant's mortgage will be null and void and the defendant's mortgage will remain fully enforceable against the property pursuant to 11 U.S.C. §349(b)(1)(C).

8. The plaintiff shall timely pay all real estate taxes that become due on the property and maintain hazard insurance on the property at all times. The defendant shall be named on the insurance policy as a co-payee in the event of a loss. In the event the plaintiff fails to timely pay all real estate taxes that become due on the property or fails to maintain insurance on the property, the defendant may impose an escrow account and force-place insurance on the property and seek other remedies as provided by the mortgage, the Bankruptcy Code and/or non-bankruptcy law.

9. If the defendant must advance its own funds to pay the real estate taxes and/or hazard insurance due to the plaintiff's failure to do so, the amount of each such advance shall be a secured claim which shall be paid in full over the duration of the plaintiff's chapter 13 plan.

10. In the event that the property is destroyed or damaged, the defendant is entitled to its full rights as a loss payee pursuant to the mortgage with respect to the insurance proceeds and has a security interest in such proceeds up to the full amount of the defendant's mortgage balance.

11. In the event the property is sold or the subject mortgage loan is refinanced prior to the receipt of a non-hardship discharge in this chapter 13 case, the defendant is entitled to payment of the full amount of the defendant's mortgage balance.

12. Except as provided herein, the terms of the note and mortgage held by the defendant are otherwise unaffected.

13. Each party shall bear its own attorney's fees and costs incurred in this adversary proceeding.

14. The court approve the terms of this stipulation.

Dated this 5th day of March, 2018.　　　　Dated this 26th day of February, 2018

STROUSE LAW OFFICES　　　　　　　　GRAY & ASSOCIATES, L.L.P.
Attorneys for Plaintiff　　　　　　　　　　　Attorneys for Defendant


By:____/S/_____　　　　By:_____/S/_____
　　Paul A. Strouse　　　　　　　　　　　　　Christopher C. Drout
　　State Bar No. 1017891　　　　　　　　　State Bar No. 1049882